**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Alaa Ghani Wanas Ghani

    Petitioner,

    v.                                                                    Case No. 2:26-cv-02831-BCL-cgc

Blanche et al.,

    Respondents.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Alaa Ghani Wanas Ghani filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. Petitioner also filed an accompanying Emergency Temporary Restraining Order. Doc. 2. For the following reasons, the petition is **DENIED**.

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is Christopher Bullock, Acting Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk **SHALL** modify the docket to include Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other Respondents are **DISMISSED**.

The petition is denied for failure to exhaust administrative remedies. Respondent notes that "[t]o date, Petitioner has not filed a bond request in immigration court." Doc. 8 at 2. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the

Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 14. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

Petitioner has not offered any reason that would justify dispensing with the prudential exhaustion requirement in this context. Petitioner argues that exhaustion should be excused because detention is at stake, but courts, including the Sixth Circuit in an unpublished order, have rightly rejected similar arguments, which would undermine the separation of powers and the

2

jurisdictional limits imposed by 8 U.S.C. § 1226(e), by allowing aliens to bypass the administrative process altogether with respect to bond proceedings. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018). And while Petitioner asserts that pursuing a bond hearing before an Immigration Judge would be "futile" based on Respondent's position in this case, the Immigration Court or Board of Immigration Appeals could disagree with Respondent's position. Doc. 9 at 11. And to the extent Petitioner means to argue that they are unlikely to disagree with Respondent's position, as the Sixth Circuit has explained, "the crucial inquiry [is] whether the agency *can* provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 798, 810 (6th Cir. 2026) (emphasis added). "This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." *Id*.  And, here, there is no indication that Petitioner sought relief with the immigration judge and Board of Immigration Appeals ("BIA") before filing this petition. Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

### CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. Petitioner's Motion for Temporary Restraining Order (Doc. 2) and Motion for Leave to Appear Pro Hac Vice are **DENIED** as moot.

IT IS SO ORDERED, this 17th day of July 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4